IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

THE ESTATE OF PAUL DANIELS, by Personal Representative Kay Stover,

Plaintiff,

v.

CITY OF INDIANAPOLIS and INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT,

STEPHEN GUYNN JR., in his individual and official capacity,

GEORGE ROSSMAN, in his individual and official capacity,

ELI RAISOVICH, in his individual and official capacity,

Defendants.

**CASE NO. 1:20-cv-2280**

**JURY TRIAL DEMANDED**

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, by and through counsel, Craig R. Karpe, for its Complaint for Damages against Defendants, City of Indianapolis, Indianapolis Metropolitan Police Department (IMPD), Stephen Guynn, Jr., Eli Raisovich, and George Rossman, states as follows:

## INTRODUCTION

1. On September 1, 2018, Mr. Paul Daniels, died while in the custody of the IMPD. The Plaintiff, the Estate of Mr. Paul Daniels, seeks money damages and attorney fees against Defendants under 42 U.S.C §1983 and 42 U.S.C §1988 for violation of rights as guaranteed

under the 4th and 14th amendments to the United States Constitution. The Plaintiff also seeks damages under Indiana's Wrongful Death statute IC 34-23-1-2.

**PARTIES**

2. Plaintiff, the Estate of Paul Daniels, is a duly opened estate pending in the probate division of the Marion Superior Court and administered by personal representative, Kay Stover. Kay Stover is Mr. Paul Daniel's adult sister, and the sole beneficiary of the intestate estate.
3. Mr. Paul Daniels passed away on September 1, 2018, in Marion County, Indiana. Mr. Paul Daniels did not leave a surviving spouse or children.
4. The City of Indianapolis is an Indiana municipality located in Marion County, Indiana, which controls and maintains the IMPD.
5. The IMPD is a political subdivision and law enforcement agency located in Marion County, Indiana.
6. Stephen Guynn, Jr, being sued in his official capacity with the IMPD as well as individually, was at all times relevant to this Complaint, was acting under color of state law as a duly sworn officer with the IMPD.
7. Eli Raisovich, being sued in his official capacity with the IMPD as well as individually, was at all times relevant to this Complaint, was acting under color of state law as a duly sworn officer with the IMPD.
8. George Rossman, being sued in his official capacity with the IMPD as well as individually, was at all times relevant to this Complaint, was acting under color of state law as a duly sworn officer with the IMPD.

9. At all times relevant the aforementioned Defendants were acting under the color of state law based on their authority and official position as officers with the IMPD.

## FACTUAL BACKGROUND

10. On September 1, 2018, at approximately 11:09 a.m., IMPD received a call reporting a disoriented man walking in and out of traffic at 5800 block of Cooper Road, Indianapolis Indiana.

11. Officer Stephen Guynn encountered Mr. Paul Daniels in the area, and at 11:20 am reported by radio that he had a "mild resistor".

12. Officer Guynn swept Paul Daniels' legs, knocking him to the ground. Officer Guynn then struck, stomped, or stood with his foot on Paul Daniels' chest.

13. Officer Guynn turned Mr. Daniels face down in the grass, and set straddle Mr. Daniels' back. Officers Raisovich and Rossman arrived soon after and assisted Officer Guynn in hand cuffing, leg cuffing, and holding Mr. Daniels face down.

14. At about 11:28 am the Officers Guynn, Raisovich, and Rossman noticed that Mr. Daniels had become unresponsive and his lips were blue. The officers got off Mr. Daniels, set him up from his face down prone position and called for emergency medical services (EMS). Mr. Daniels did not regain consciousness.

15. When EMS arrived, Mr. Daniels' breathing was slow and he was unresponsive. Michele Haywood, one of the medics who responded to the scene stated that Mr. Daniels was only breathing about ten times a minute. Mr. Daniels was placed on a gurney, at which time he stopped breathing completely.

16. Medics attempted life saving procedures on Mr. Paul Daniels.

17. Mr. Paul Daniels was pronounced dead at the scene by medics at 12:07 p.m.

18. By holding Mr. Daniels face down in a prone position and placing pressure on his upper body, Officers Guynn, Raisovich, and Rossman caused Mr. Daniels to suffer from positional asphyxia, leading to unconsciousness and death.

19. The Defendants used excessive force to arrest and restrain Mr. Paul Daniels resulting in his death.

20. IMPD has announced that Officers Guynn, Raisovich, and Rossman were placed on administrative leave.

## LEGAL CLAIMS

### COUNT I: 42 U.S.C. §1983 Excessive Force against Stephen Guynn, Jr.

21. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

22. 42 U.S.C. §1983 provides:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress…"

23. The Defendant Stephen Guynn, Jr. is considered a "person" within the meaning of 42 U.S.C. §1983.

24. Defendant Guynn's actions and omissions were taken under color of state law based on his authority and official position as officers and agents with the City of Indianapolis IMPD.

25. Defendant Guynn's actions and omissions in using excessive force against Mr. Paul Daniels and violating his bodily integrity constituted a violation and a deprivation of his rights under US Constitution the Fourth and Fourteenth Amendments to the United States Constitution.

26. Defendant Guynn's actions or omissions were made knowingly, intentionally, and with reckless disregard for Mr. Paul Daniel's rights.

27. Defendant Gyunn's conduct is actionable under 42 U.S.C. §1983.

28. Defendant Gyunn's conduct was clearly excessive to the need and was objectively and subjectively unreasonable under the Fourth Amendment to the Constitution.

29. Defendant Gyunn's actions shock the consciousness under the Fourteenth Amendment of the constitution.

30. Defendant Gyunn's actions, omissions, and failures to act in violation of Mr. Paul Daniels' Constitutional rights caused him to suffer harm and death.

31. Mr. Paul Daniels suffered compensable injury as a direct and proximate cause of the Defendants' unlawful actions and omissions.

**COUNT II: 42 U.S.C. §1983 Excessive Force Against Eli Raisovich**

32. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

33. 42 U.S.C. §1983 provides:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress…"

34. Defendant Eli Raisovich is considered a "person" within the meaning of 42 U.S.C. §1983.

35. Defendant Raisovich's actions and omissions were taken under color of state law based on his authority and official position as officers and agents with the City of Indianapolis IMPD.

36. Defendant Raisovich's actions of omissions in using excessive force against Mr. Paul Daniels and violating his bodily integrity constituted a violation and a deprivation of his rights under US Constitution the Fourth and Fourteenth Amendments to the United States Constitution.

37. Defendant Raisovich's actions or omissions were made knowingly, intentionally, and with reckless disregard for Mr. Paul Daniel's rights.

38. Defendant Raisovich's conduct is actionable under 42 U.S.C. §1983.

39. Defendant Raisovich's conduct was clearly excessive to the need and was objectively and subjectively unreasonable under the Fourth Amendment to the Constitution.

40. Defendant Raisovich's actions shock the consciousness under the Fourteenth Amendment of the constitution.

41. Defendant Raisovich's actions, omissions, and failures to act in violation of Mr. Paul Daniels' Constitutional rights caused him to suffer harm and death.

42. Mr. Paul Daniels suffered compensable injury as a direct and proximate cause of the Defendants' unlawful actions and omissions.

**COUNT III: 42 U.S.C. §1983 Excessive Force Against George Rossman**

43. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

44. 42 U.S.C. §1983 provides:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress…"

45. Defendant George Rossman are considered "persons" within the meaning of 42 U.S.C. §1983.

46. Defendant Rossman's actions and omissions were taken under color of state law based on his authority and official position as officers and agents with the City of Indianapolis IMPD.

47. Defendant Rossman's actions of omissions in using excessive force against Mr. Paul Daniels and violating his bodily integrity constituted a violation and a deprivation of his rights under US Constitution the Fourth and Fourteenth Amendments to the United States Constitution.

48. Defendant Rossman's actions or omissions were made knowingly, intentionally, and with reckless disregard for Mr. Paul Daniel's rights.

49. Defendant Rossman's conduct is actionable under 42 U.S.C. §1983.

50. Defendant Rossman's conduct was clearly excessive to the need and was objectively and subjectively unreasonable under the Fourth Amendment to the Constitution.

51. Defendant Rossman's actions shock the consciousness under the Fourteenth Amendment of the constitution.

52. Defendant Rossman's actions, omissions, and failures to act in violation of Mr. Paul Daniels' Constitutional rights caused him to suffer harm and death.

53. Mr. Paul Daniels suffered compensable injury as a direct and proximate cause of the Defendants' unlawful actions and omissions.

**COUNT IV: *Monell* Claim against the City of Indianapolis**

54. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though set forth at length herein.

55. This claim is brought pursuant to 42 U.S.C. §1983 against the City of Indianapolis to redress the deprivation under color of state law of Mr. Paul Daniel's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

56. "A local governing body may be liable for monetary damages under §1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority" *Thomas v. Cook County Sheriff's Dept, 604 F. 3d 293, 303 (7th Cir. 2009).*

57. As a matter of policy, custom, or practice, the City of Indianapolis failed to have proper use of force policies in place, and failed to have proper policies in place for recognizing and handling people with mental health problems.

58. As a matter of policy, custom, or practice, the City of Indianapolis failed to properly supervise and train its officers from using unreasonable and excessive force on Mr. Paul Daniels, and failed to properly supervise and train its offers to recognize and handle people with mental health problems.

59. As a matter of policy, custom, or practice, the City of Indianapolis failed to implement proper restraint policies, practices, and training to avoid positional asphyxia.

60. That failure to maintain proper policies, training, and practices amounted to deliberate indifference to Mr. Paul Daniels, to whom City of Indianapolis IMPD Officers came into contact with September 1, 2018**.**

61. As a matter of policy, custom, or practice, the City of Indianapolis did not provide body cameras to its officers.

62. Failure to use body cameras amounts to a lack of accountability for officers who use unreasonable and excessive force.

63. Police misconduct is foreseeable without proper observation and accountability.

64. A culture of indifference and tolerance of officers' use of excessive and unreasonable force, including dangerous use of restraint, has permeated the department.

65. IMPD's failure to properly or sufficiently discipline officers that apply excessive and unreasonable force has led to the acceptance of that conduct and the actions of Defendant Officers, in this case.

66. The City of Indianapolis's practices, customs, and policies as well as a failure to properly train resulted in some or all of Mr. Paul Daniel's injuries and death.

67. The City of Indianapolis's practices, customs, and policies as well as a failure to properly train resulted in a deprivation of Mr. Paul Daniel's rights under the Fourth and Fourteenth Amendments.

68. Mr. Paul Daniels suffered compensable injury as a direct and proximate cause of the Defendants' unlawful actions and/or omissions.

**PRAYER FOR RELIEF**

WHEREFORE**,** Plaintiff prays that the Court find in their favor and order the following relief:

a. Issue a judgment that Defendants' acts, policies, and procedures violated 42 U.S.C. §1983;

b. Award all appropriate injunctive relief to preclude the Defendants, their officers, agents, and employees acting in concert with them from engaging in any policy or practice that violates 42 U.S.C. §1983;

c. Award all relief available under 42 U.S.C. §1983, including compensatory and punitive damages, damages for loss of companionship, and out of pocket expenses, attorney fees and costs, and all other appropriate relief;

d. Reasonable attorney fees as the prevailing party under 42 U.S.C §1988; and

e. Any and all other appropriate relief.

**JURY TRIAL REQUESTED**

Plaintiff, by counsel, respectfully requests a jury trial for all issues deemed so triable**.**

Respectfully submitted,

*/s/Craig R. Karpe*________________
Craig R. Karpe, #18726-02

Attorney for Plaintiff

KARPE LITIGATION GROUP
19 West 19th Street
Indianapolis, Indiana 46202
(317) 251-1840