IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ESTATE OF PAUL DANIELS, by Personal Representative Kay Stover, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| CITY OF INDIANAPOLIS and INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, | )<br>)<br>)<br>) |
| STEPHEN GUYNN JR., in his individual and official capacity, | )<br>)<br>) |
| GEORGE ROSSMAN, in his individual and official capacity, | )<br>)<br>) |
| ELI RAISOVICH, in his individual and official capacity, | )<br>)<br>) |
| Defendants. | ) |

Case No. 1:20-cv-02280-JRS-MJD

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff, by counsel, hereby submits the following memorandum of fact and law in support of their Motion to Compel Discovery Responses from Defendants. In support of said Motion, Plaintiffs state:

## FACTS

1. Plaintiff served interrogatories and requests for production on the Defendants on May 18, 2021. Plaintiffs served their second set of interrogatories on the Defendant on June 11, 2021. Plaintiff agreed to an extension of time that extended the Defendants' deadline to respond to the May 18, 2021 discovery to July 15, 2021.

2. Defendants sent responses to Plaintiff's requests via certified mail. Defendants' certificates of service show service dates of July 16, 2021 for Plaintiff's

interrogatories, July 15, 2021 for Plaintiff's first request for production, and July 12, 2021 for Plaintiff's second request for production. Many of Defendant's answers consisted of objections coupled with the Defendants declining to provide responsive materials.

3. After emails and communications back and forth, an in person discovery conference was held between party counsel on August 10, 2021 at the offices of Counsel for Defendants per Southern District of Indiana's Local Rule 37-1(a).

4. A number of discovery issues remained unresolved after the August 10th 2021 discovery conference. On August 11, 2021 the Magistrate conducted an informal telephonic conference in an attempt to resolve outstanding discovery disputes as provided by Southern District of Indiana's Local Rule 37-1(a). At that time Counsel for Defendant repeatedly said they would supplement written discovery responses in a timely fashion.

5. As of the date of the filing of the present motion, no supplemental written discovery responses have been received from the Defendants.

6. Outstanding discovery materials include:

    a. Regarding Plaintiffs first request for production (Exhibit "A");

    **Request No. 4:** Training materials, rules and regulations of conduct, guidelines, procedures, policies, memorandums, instructions and/or warnings. Defendants have not produced any significant training materials. This goes directly to Plaintiff's *Monell* claims. If all responsive material has been produced Defendants should affirmatively state so.

**Request No. 8:** Any evidence Defendant's may use at trial. Defendant's response is a general objection and it is unclear whether all such evidence has been produced. If all responsive material has been produced Defendants should affirmatively state so.

**Request No. 11:** Training materials regarding positional asphyxia, mental health provided to Defendants. Defendants provide a lengthy objection and partial answer, stating training provided in the police academy, but few actual training materials. If all responsive material has been produced Defendants should affirmatively state so.

**Request No. 12:** Defendant Officer Performance reviews. Defendants provided a partial response with objection, unclear if this answer is comprehensive. If all responsive material has been produced Defendants should affirmatively state so.

**Request No. 13:** Copies of all citizen complaints, discipline, internal affairs investigations, and use of force investigations for Defendant officers. Partial response with objection, unclear if comprehensive. If all responsive material has been produced Defendants should affirmatively state so.

b. Regarding Plaintiff's Second Request for Production (Exhibit "B");

**Request No. 1:** Any Fire Arms Review board reports, internal investigations, conduct reports, evaluations, write ups, suspensions, demerits, and citizen's complaints for Defendants. Defendants provided a partial response with objection. If all responsive material has been produced Defendants should affirmatively state so.

**Request No. 4:** Telephone information including use records on September 1, 2018. Defendants declined to provide any materials.

**Request No. 7:** IPD computer resources accessed by the Defendant officers on September 1, 2018. Defendants declined to provide any materials.

**Request No. 8:** Copies of any texts and emails sent and received by the Defendant officers on September 1, 2018. Defendants declined to provide any materials.

c. Regarding Plaintiff's first interrogatories (Exhibit "C");

**Interrogatory No. 8:** Identify evidence in your possession of physical or medical conditions which you allege caused or contributed to Paul Daniels' death, including the source for that information. Defendants' provide a lengthy objection and do not respond substantively. If Defendants have no such evidence, they should affirmatively state so.

**Interrogatory No. 11:** Information on training materials regarding positional asphyxia given to the Defendant officers. Defendant response: they had training, but provide no supporting information.

**Interrogatory No. 13:** Identify all City of Indianapolis employee(s) who saw or came in contact with the Steven Guynn, Jr., George Rossman, or Eli Raisovich after the incident and the nature and extent of any conversations between said employee(s). Plaintiff made clear at the discovery conference, their inquiry is limited to September 1, 2018, however Defendants decline to provide the information.

**Interrogatory No. 17:** Information regarding statements taken. Some have been produced, however it is unclear from Defendants' response whether all have been produced.

**Interrogatory No. 18:** Information on drug testing of officers including the last test before and first test after September 1, 2018. Defendants objected and declined to produce any responsive material.

**Interrogatory No. 22:** Information on any City of Indianapolis employees who spoke to representatives of the Marion County Coroner regarding Paul Daniels. The coroner's field investigation report states that a number of IMPD employees were spoken to during the Coroner's field investigation. Defendants have refused to identify all such persons. If Defendants have no such evidence, they should affirmatively state so.

7. Plaintiff has complied with the local rules, and certifies that they have made a good faith effort to confer with Defendants to obtain the outstanding discovery. These efforts have not led to cooperation in producing outstanding discovery from the Defendants.

## STATEMENT OF LAW

Rule 37 of the Federal Rules of Civil Procedure provides that:

"Failure to Make Disclosures or to Cooperate in Discovery; Sanctions

(a) Motion for an Order Compelling Disclosure or Discovery.

(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

. . .

(3) Specific Motions.

(B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

. . .

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to produce documents or fails to respond that inspection will be permitted-or fails to permit inspection-as requested under Rule 34.

. . .

(4) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

. . .

(5) Payment of Expenses; Protective Orders.

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted-or if the disclosure or requested discovery is provided after the motion was filed-the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Defendant has failed to comprehensively answer the Plaintiff's First Requests for Production of Documents, Second Requests for Production of Documents, and Plaintiff's First Set of Interrogatories to Defendant.  Counsel for Plaintiffs has made every attempt to allow Defendant to respond to the request within a reasonable time.

The purpose of Rule 37 is being frustrated by Defendants failure to respond Plaintiff's requests.  In the present case, Defendants failure to properly respond to Plaintiff's discovery has created undue delay, and will continue to do so without an order

to compel.  Moreover, Defendants failure to respond is creating additional litigation expense and wasting the time of the court.  An award of attorney's fees would be proper.

Plaintiff respectfully requests the Court order Defendants to respond to the outstanding discovery requests, including supplemental answers as requested, within ten (10) days, or face the sanctions.

## **CONCLUSION**

Plaintiff fears that without this Motion and the Courts intervention that they will never receive the requested information.  Plaintiff has incurred additional costs for Defendants' failure to respond.  Plaintiff prays the Court set this matter for hearing and grant their Motion to Compel discovery responses from Defendants and order reasonable attorney's fees, or alternatively sanction the Defendants, and for all other just and proper relief in the premises.

Respectfully submitted,

KARPE LITIGATION GROUP

By: *s/ Craig R. Karpe*
Craig R. Karpe, #18726-02
Attorney for Plaintiff
KARPE LITIGATION GROUP
19 West 19th Street
Indianapolis, Indiana 46202
(317) 251-1840

# CERTIFICATE OF SERVICE

      I hereby certify that on September 1, 2021 this was served to all counsels for defendants through the Court's electronic filing system.


                                      By s/*Craig R. Karpe*
                                            Craig R. Karpe


KARPE LITIGATION GROUP
19 West 19th Street
Indianapolis, Indiana 46202
(317) 251-1840