UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ESTATE OF PAUL DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02280-JRS-MJD |
| | ) | |
| CITY OF INDIANAPOLIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

This matter is before the Court on Plaintiff's Motion for Attorney Fees. [Dkt. 75.] Plaintiff asks the Court to order Defendants and their counsel to pay $2,311.50 in fees incurred by Plaintiff in bringing her motion to compel.[1] For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

**I.  Background**

On September 1, 2018, Paul Daniels ("the Decedent") died while in the custody of the Indianapolis Metropolitan Police Department ("IMPD"). [Dkt. 1 at 1.] The Estate of Paul Daniels, by Personal Representative Kay Stover, ("Plaintiff") filed the Complaint in this case against IMPD Officers Stephen Guynn Jr., George Rossman, and Eli Raisovich, the City of Indianapolis, and IMPD on August 31, 2020, alleging a *Monell* claim against the City and one count of excessive force against each of the Defendant Officers pursuant to 42 U.S.C. § 1983. [Dkt. 1.]

---

[1] Defendants do not argue that the amount of fees sought is unreasonable, and the Court finds they are reasonable in the circumstances.

1

On August 11, 2021, the undersigned conducted an informal discovery conference to discuss Plaintiff's issues with Defendants' responses and objections to certain interrogatories and requests for production. [Dkt. 49.] The Court authorized Plaintiff to file a motion to compel, and Plaintiff did so on September 1, 2021. [Dkt. 52.] On October 18, 2021, the undersigned granted in part and denied as moot in part Plaintiff's motion to compel, ordered Defendants to provide complete an unequivocal responses in accordance with the Order within 14 days, and authorized Plaintiff to bring a motion for attorney's fees under Fed. R. Civ. P. 37(a)(5)(A). [Dkt. 72.] Plaintiff filed the instant Motion for Attorney's Fees on November 1, 2021. [Dkt. 75.]

That was not the end of the discovery dispute, however. On November 1, 2021, the supplemental discovery response deadline, Defendants filed an Objection to the Order on Plaintiff's Motion to Compel Discovery Responses, arguing that "the magistrate judge's order is clearly erroneous and contrary to law in its entirety." [Dkt. 76.] District Judge James R. Sweeney II overruled Defendants' objection on November 22, 2021, finding that the undersigned did not "fail to apply or misapply any legal authority." [Dkt. 91 at 3.]

## II.  Discussion

Plaintiff now moves the Court to award $2,311.50 in fees incurred by bringing her motion to compel pursuant to Fed. R. Civ. P. 37(a)(5)(A). [Dkt. 75.] Plaintiff argues that awarding fees is appropriate because Defendants have needlessly and continuously engaged in dilatory tactics that have "created prejudice for Plaintiff by delaying discovery responses," "drawn out the discovery dispute," and "wast[ed] the time of Plaintiff's Counsel and the Court." [Dkt. 83 at 3-4.] In their par-for-the-course 35-page response, Defendants oppose Plaintiff's motion for fees on several grounds. [Dkt. 94.]

Rule 37 provides that, where a motion to compel is granted, or where the requested discovery is provided after a party has filed a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Courts should not order such payment if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Defendants argue that all three of these circumstances apply here, making an award of fees improper.

Defendants first argue that the Court should not award attorney's fees because "Plaintiff moved to compel before attempting in good faith to obtain discovery without court action." [Dkt. 94 at 1.] The Court has already rejected this argument and thus will not expend its resources entertaining it once more. *See* [Dkt. 72 at 4, n.2] (the undersigned finding that "Defendants' concerns with the validity of the meet and confer are without merit"). Similarly, Defendants assert that their "nondisclosure, response, and objections were substantially justified because Plaintiff's requests for production were improper." [Dkt. 94 at 14.] Defendants then spill excessive ink rehashing the same arguments made in their initial discovery responses and in their opposition to Plaintiff's motion to compel. The Court has already addressed and rejected each of these arguments, and Judge Sweeney has overruled the same objections, *see* [Dkt. 91].

Defendants additionally argue that the Court should not award attorney's fees because "Defendants' nondisclosure and response were substantially justified because Plaintiff's discovery requests were not served on Defendants." [Dkt. 94 at 7.] Defendants premise this

3

argument on the fact that Plaintiff sent discovery requests via email when Defendants did not consent to receiving discovery electronically. [Dkt. 94 at 8.] To be sure, Defendants still responded to each discovery request received via email and did so at length. In overruling this same argument in Defendants' objection to the undersigned's Order on the motion to compel, Judge Sweeney stated as follows:

> Although Defendants' response to the motion to compel mentioned that the discovery requests were not properly served, (Resp. Opp'n, 1, "Procedural History" section, ECF No. 59), Defendants did not actually argue that the motion to compel should be denied based on improper service, (*id.* at 7-35 (setting forth reasons why the motion to compel should be denied), "Argument" section). Thus, they waived that argument and it is too late to raise it now. *See*, *e.g.*, *Williams v. Bd. of Educ. of City of Chi.*, 982 F.3d 495, 511 (7th Cir. 2020) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.").

[Dkt. 91 at 2.]

There are a few additional points worth noting with regard to Defendants' improper service argument. Defendants cite this Court's holding in *Cox v. Sherman Capital LLC*, 2013 WL 2432148, at *1 (S.D. Ind. June 4, 2013), for their assertion that service was not properly effected under Fed. R. Civ. P. 5 because Defendants did not consent to electronic service in writing. It is true that Defendants did not officially consent to electronic service. However, Defendants' reliance on *Cox* is nonetheless misplaced. In *Cox*, the defendants claimed they had not been served because the email containing the discovery requests was automatically sent to their spam folder and thus never received and, further, the defendants had not provided any discovery responses at all. *Id.* at *1. Unlike in *Cox*, Defendants here cannot dispute they were served, as they **responded** to all of Plaintiff's requests ad nauseam: Plaintiff sent the First Request for Production and First Set of Interrogatories via email on May 18, 2021. [Dkt. 40-3 at 1.] Defendants responded to Plaintiff's First Request for Production and Interrogatories by certified

4

mail on July 15, 2021, [Dkt. 52-2 at 17], and July 16, 2021, [Dkt. 52-4 at 24], respectively. Plaintiff sent the Second Request for Production on June 11, 2021, [Dkt. 53 at 1], and Defendants responded to such on July 12, 2021, [Dkt. 52-3 at 8]. Nowhere in Defendants' initial discovery responses do they make the claim that service was improper. Rather, Defendants raised paragraphs of other objections—many of them spurious—to every request and interrogatory. Given that there is no evidence Defendants consented to receive discovery via email, it is true that they had no **obligation** to respond. But Defendants did, nonetheless, respond at length without raising any issue regarding service. As a result, Defendants **waived** their right to insist on compliance with Rule 5(b). If this were not the case, Defendants could now essentially revoke all of their responses and escape their obligation to participate in discovery. This, they may not do.

      Defendants' reliance on *Walton v. First Merchants Bank*, 2019 WL 920883 (S.D. Ind. Feb. 5, 2019), and *Thomas v. Anderson*, 2020 WL 1042517 (C.D. Ill. Mar. 4, 2020), also misses the mark. *Walton* primarily concerned the email service of a notice of deposition—something that cannot be responded to in the same way as a request for production or an interrogatory. The plaintiff in *Walton* also did not appear for said deposition, as opposed to Defendants here who did in fact respond to the discovery requests served by email. These facts are too dissimilar from the case at hand for Defendants to use *Walton* in support of their arguments. And while the *Thomas* court noted that "express consent is required under Rule 5(b)(2)(E) and it 'cannot be implied from conduct,'" *Id.* at *3 (citing Fed. R. Civ. P. 5(b) Advisory Committee Notes on Rules—2001 Amendment), this discussion was in regard to the fact that the plaintiff, after serving discovery via email, then argued that the defendants' subsequent service of discovery on plaintiff via email waived their objection to the initial improper service. That is again quite a

different circumstance from the case here, in which Defendants responded fully to every discovery request that Plaintiff allegedly improperly served.[2]

While Defendants' cited cases do not parallel the circumstances at hand, a Florida district court recently encountered the same kind of service issue. In *Classic Soft Trim, Inc. v. Albert,* 2020 U.S. Dist. LEXIS 218301 (M.D. Fla. Aug. 18, 2020), the defendant argued that the plaintiff's discovery demands were not served properly because they were sent via email and the defendant did not consent to such. As is the case here, however, the defendant timely responded to every discovery request in full "and did not raise any objection to the manner of service." *Id. at \*9*. The parties also subsequently met and conferred in an attempt to resolve the defendant's discovery objections, but the defendant again failed to raise the issue of service during that process. *Id.* Ultimately, the *Albert* court held that the defendant "waived any objection to the manner of service by responding to discovery requests . . . and engaging in meet and confers without raising the issue." *Id.* (citing *Gamblin v. Mississippi Farm Bureau Mut. Ins. Co.*, 2009 U.S. Dist. LEXIS 146693, at \*10-11 (S.D. Miss. Oct. 7, 2009)). The *Albert* court also pointed out that "it would be inherently unfair not [to] permit this matter to proceed under the

---

[2] Examining Rule 5 more closely than the *Thomas* court did further elucidates that Defendants' service objections are improper. Rule 5 first authorized electronic service in 2001, provided that the person served consented to such in writing. Fed. R. Civ. P. 5(b). It is true that in 2001, the Advisory Committee noted that such "consent must be express, and cannot be implied from conduct." Fed. R. Civ. P. 5, Committee Notes on Rules—2001 Amendment. However, the Committee clarified in its most recent amendment to Rule 5(b) in 2018 that the "[p]rovision for electronic service was first made when electronic communication was not as widespread or as fully reliable as it is now," and that "[c]onsent of the person served to receive service by electronic means **was required as a safeguard**." Fed. R. Civ. P. 5, Committee Note – 2018 Amendment (emphasis added). Indeed, "[t]hose concerns have substantially diminished," especially where a party is represented by an attorney. *Id.* Here, the fact that the express consent sought by Rule 5 was intended as a safeguard—primarily for *pro se* litigants in an era when email was not ubiquitous like it is today—weighs in favor of finding that Defendants waived their objections to the service of Plaintiff's discovery.

circumstances." *Id.* Just like in *Albert*, Defendants here waived any objections to the manner of service when they responded at length to every discovery request served via email **and** engaged in the meet-and-confer process without raising the issue. To determine otherwise would be "inherently unfair." *Id.*

In sum, none of the arguments raised by Defendants constitute reasons that would make an award of expenses unjust under Fed. R. Civ. P. 37(a)(5)(A).

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Attorney Fees, [Dkt. 75], is **GRANTED**. Pursuant to Fed. R. Civ. P. 39(a)(5)(A), Defendants and their counsel Andrew J. Upchurch are jointly and severally ordered to pay the $2,311.50 in fees incurred by Plaintiff in bringing her motion to compel within thirty (30) days of the date of this order.

SO ORDERED.

Dated:  17 DEC 2021

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.