## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ESTATE OF PAUL DANIELS, by Personal Representative Kay Stover, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| | ) CASE NO. 1:20-cv-2280-JRS-MJD |
| CITY OF INDIANAPOLIS, INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, STEPHEN GUYNN, JR., in his individual and official capacity, GEORGE ROSSMAN, in his individual and official capacity, and ELI RAISOVICH, in his individual and official capacity, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S SURREPLY

Defendants, City of Indianapolis, Stephen Guynn, Jr., George Rossman, and Eli Raisovich, by counsel and pursuant to Local Rule 56-1(d), now file their Objection to Plaintiff's Surreply, asking this Court to exclude portions of Plaintiff's Surreply from consideration at summary judgment. In support thereof, Defendants state:

1. On July 5, 2022, Plaintiff filed its Surreply in Opposition to Defendants' Motion for Summary Judgment. (ECF No. 166.) Plaintiff's Surreply, however, greatly exceeds the scope of Local Rule 56-1(d) and Plaintiff has never otherwise filed a motion for leave to exceed the scope of this surreply. This Court should either strike Plaintiff's Surreply or, in the alternative, exclude the vast majority of that Surreply, limiting it only to the one, two-paragraph section of the Surreply that addresses new evidence or objections Plaintiff's evidence as discussed herein.

2. Local Rule 56-1(d) states that a "party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response." S.D.Ind.L.R. 56-1(d). However, any surreply "*must* be limited to the new evidence and objections. *Id*. (emphasis supplied).

3. If a surrpely is "not authorized by court order and is not proper under the limited circumstances permitted by Local Rule 56–1(d)," this Court should strike the surreply (or portions thereof) or, in the alternative, the offending portions should be excluded completely from the summary judgment analysis. *Hamlet v. Bowen*, 2013 WL 5487461, *1 (S.D. Ind. Sept. 27, 2013) (striking the surreply); *see also Briscoe v. Wexford of Indiana, LLC*, 2022 WL 103830, *7 (S.D. Ind. Jan. 11, 2022) (same); *Hudson v. Corizon Med. Servs.*, 2013 WL 2285563, *1 (S.D. Ind. May 22, 2013), *aff'd*, 557 F. App'x 573 (7th Cir. 2014) (holding surreply was considered only to the extent that it complies with Local Rule 56–1(d)).

4. Defendants are mindful that the Court disfavors motions to strike in the summary judgment process. S.D.Ind.L.R. 56-1(i). The Court has stated a preference for briefing any "dispute over the admissibility or effect of evidence … through an objection within a party's brief." *Id*.

5. Nonetheless, there is no responsive brief to a surreply permitted by Local Rule 56-1, and Defendants should be permitted to submit their objections to the Surreply. *See Hardwick v. Indiana Bell Tel. Co., Inc.*, 2018 WL 4620252, *1 (S.D. Ind. Sept. 26, 2018) (noting that "this Court regularly entertains arguments regarding the scope permitted by Local Rule 56-1(d)" and permitting party to raise objections).

6.  On May 19, 2022, Defendants filed their Reply Brief containing limited new evidence and objections to evidence in Plaintiff's Response. Those objections to Plaintiff's evidence and/or new evidence were limited to the following:

    a.  Defendants objected to Captain Cochran's expert opinion regarding UV photography (1) to the extent that he was not qualified to provide medical opinions and (2) to the extent that his opinions lacked a foundation and would not assist a trier of fact;

    b.  Defendants provided a supplemental affidavit from Dr. Sozio attributing purported bruising identified in UV photography to medical intervention; and,

    c.  Defendants provided additional affidavit testimony from Sgt. Stephen Griffith giving context to purported police interactions with people with mental illness.

7.  On May 26, 2022, Plaintiff filed several motions seeking addition time to file "a surreply in opposition to summary judgment under Local Rule 56-1(d)." (ECF No. 142 at 1.) Plaintiff's counsel *repeatedly* stated that its potential surreply was justified within the bounds of Local Rule 56-1 because "Defendants' reply designates new facts and materials, and goes beyond the 20 page limit for summary judgment replies provided by Local Rule 56-1(c)." (ECF No. 142 at 1; *see also* ECF No. 144 at 1; ECF No. 146 at 1; ECF No. 150 at 1-2.)

8.  Plaintiff never sought leave to exceed the scope of Local Rule 56-1.

9.  Nonetheless, after stating at least four times that its proposed surreply would not exceed the limits of Local Rule 56-1(d), Plaintiff's actual Surreply does just that. Plaintiff does not limit its Surreply to new evidence and or objections to evidence. Instead, Plaintiff uses the

Surreply almost entirely to counter existing arguments or to rebut existing evidence already in the record.

    10.    These arguments include:

        a.    Plaintiff's entire argument relating to "Constitutional Violations in the Initial Arrest" in Section B. (ECF No. 166 at 1-4.)

        b.    Plaintiff's entire argument relating to "Constitutional Violations in the Prone Restraint of Daniels" in Section C. (ECF No. 166 at 4-9.)

        c.    Plaintiff's entire argument relating to "Questions of Fact in the Credibility of the Defendants" in Section D. (ECF No. 166 at 9-11.)

        d.    Plaintiff's entire argument relating to "Constitutional Violations from Lack of First Aid Care" in Section E. (ECF No. 166 at 12-14.)

        e.    Plaintiff's entire argument relating to "Constitutional Violations from Failure to Intervene" in Section F. (ECF No. 166 at 14-15.)

        f.    Plaintiff's entire argument relating to "Defendants Should Not Be Given Qualified Immunity" in Section G. (ECF No. 166 at 15-18.)

        g.    Plaintiff's argument relating to "Plaintiff's Monell Claims" *except* to the extent that this argument addresses the second affidavit of Sgt. Stephen Griffith.

    11.    Plaintiff's arguments *never* address Defendants' objections to Captain Cochran's credentials and opinions regarding UV photography evidence at all, nor do they provide a rebuttal to Dr. Sozio's conclusion that the purported bruising identified in the UV photography was from medical intervention.

12. Instead, Plaintiff attempts to rebut every single argument Defendants raised on reply. This is not an appropriate surreply, but is instead an attempt to have the last word on every issue.

13. Moreover, some of the Surreply is directed at impeaching officers' sworn testimony. (*See*, e.g., ECF No. 166 at 2-3, 9-11.) This is not usually appropriate at summary judgment, let alone in a surreply. *See*, e.g., *Lauth v. Covance, Inc.*, 155 F. Supp. 3d 855, 875 (S.D. Ind. 2016), aff'd, 863 F.3d 708 (7th Cir. 2017) ("The Court notes that evaluations of witness credibility are inappropriate at the summary judgment stage").

14. Of particular note, Plaintiff does provide a supplemental expert report, but neither that report nor the subsequent argument discussing it addresses UV photography or conclusions about the purported bruising along the ribcage shown by UV photography. Instead, Plaintiff uses this evidence in an attempt to manufacture a factual inference of "crushing or squashing-type trauma" so that Plaintiff can spend time analogizing this case with a case where that occurred, *Abdullahi v. City of Madison*, 423 F.3d 763, 775 (7th Cir. 2005). (*See* ECF No. 166 at 16-18.) This is something that should have been done in Plaintiff's response and is not proper for a surreply. S.D.Ind.L.R. 56-1(d). Therefore, both the expert report and the related argument should be stricken or excluded.

15. For the foregoing reasons, Plaintiff should not be permitted another bite at the apple, and almost the entirety of Plaintiff's Surreply and supplemental evidence supporting that Surreply should be excluded from the summary judgment analysis.

16. The only portion of the Surreply that actually responds to new evidence provided in the Reply or to objections Plaintiff's evidence are two paragraphs at the end of the brief

contained in the argument discussing summary judgment on Plaintiff's *Monell* claims, which attempt to rebut Sgt. Stephen Griffith's testimony. (ECF No. 166 at 19-20.)

17. If the Court declines to strike Plaintiff's Surreply or portions thereof, this Court should only consider this portion of the Surreply at summary judgment.

WHEREFORE, Defendants respectfully request that this Court expressly EXCLUDE the Surreply or all parts thereof (including any related evidence) that do not comply with Local Rule 56-1 from the summary judgment analysis and grant all other just and proper relief.

FROST BROWN TODD LLC

By: */s/ Alexander P. Will*
Anthony W. Overholt, #16481-49
Alexander P. Will, # 23474-49
Amy S. Johnson, #16257-49
*Attorney for Defendants*

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
aoverholt@fbtlaw.com
awill@fbtlaw.com
asjohnson@fbtlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was electronically filed on this 7th day of July, 2022. Service of this filing will be made on all ECF registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| John Lowrey<br>Office of Corporation Counsel<br>City of Indianapolis<br>200 E. Washington Street, Suite 1601<br>Indianapolis, IN  46204 | Craig Robert Karpe<br>Karpe Litigation Group<br>19 W. 19th Street<br>Indianapolis, IN  46202 |
| Edward J. Merchant<br>John F. Kautzman<br>Ruckelshaus Kautzman Blackwell Bemis<br>   Duncan & Merchant, LLP<br>135 N. Pennsylvania Street, Suite 1600<br>Indianapolis, IN  46204 | |

*/ s / Alexander P. Will*
Alexander P. Will

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
aoverholt@fbtlaw.com
awill@fbtlaw.com
asjohnson@fbtlaw.com

LR02314.0752614   4876-6018-2567v2